UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JENNIFER CHRISTENSEN on Behalf of Herself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § | CIVIL ACTION NO.: 4:22-cv-3682 |
| | § | |
| **V.** | § § | |
| **KBR WYLE SERVICES, LLC.** | § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1.  Plaintiff Jennifer Christensen and the employees she seeks to represent ("Class Members") are current and former employees that Defendant KBR Wyle Services, LLC ("Defendant") failed to pay overtime at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek. This lawsuit was brought because Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members overtime pay at the rate required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).

2.  Defendant violated the FLSA by paying the Plaintiff and Class Members an hourly rate of pay for all hours worked without an additional premium for those hours worked over 40 in a workweek. Plaintiff seeks to recover, on behalf of herself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff also prays that the class of similarly situated worked be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because Plaintiff worked in this District, Defendant maintains its headquarters in this district, and the decision to pay the Plaintiff and Class Members in the illegal manner alleged herein was made in this district.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Jennifer Christensen is an individual residing in Houston, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The Class Members are all current and former employees of Defendant who were paid an hourly rate of pay without overtime at the rate of time and one half their regular rate of pay for those hours worked over 40 in a workweek at any time during the three-year period before the filing of this Complaint.

7. Defendant KBR Wyle Services, LLC. is a foreign limited liability company. Defendant may be served process through its registered agent Corporation Service Company at 1999 Bryan St., Suite 900, Dallas, TX 75201.

8. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Defendant had and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over it. Specifically, Defendant conducts

business in Texas, employs residents of Texas, owns property in Texas, markets to Texas customers, and maintains its principal place of business in Texas.

## COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

14. At all material times, Plaintiff and the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

15. Defendant is a "leading provider of information assurance, enterprise solutions, and technology modernization services to the Federal government." (https://www.kbr.com/en/wylesm, last visited 10/25/2022). Defendant employs workers throughout the United States as part of its contract with the Federal government.

16. Plaintiff worked for Defendant from approximately April 2020 to February 2022. She worked for Defendant on a project with NASA. She started with Wyle which was later purchased by Defendant.

17. Plaintiff was paid on an hourly rate basis. That is, she was paid an hourly rate for all hours she worked.

18. Defendant entered a contract with the Federal government whereby the government paid Defendant on an hourly rate basis for all hours worked by those employees staffed by Defendant. Therefore, pursuant to the contract with the government, Defendant required its employees to clock-in and clock-out and Defendant paid its employees on an hourly rate basis for those hours worked.

19. Plaintiff was not paid a guaranteed weekly salary.

20. Instead, her compensation increased or decreased depending upon the number of hours she worked.

21. For instance, during the pay period beginning December 4, 2021 and ending December 17, 2021, Plaintiff was paid 80 hours at the rate of $67.1755 per hour and then was paid an additional seven hours (also at the rate of $67.1755) because she worked 87 hours during that two week period. Her pay records indicate as follows:

| Earnings | rate | hours | this period |
|---|---|---|---|
| Overtime | 67.1757 | 7.00 | 470.23 |
| Regular | 67.1755 | 80.00 | 5,374.04 |
| Flex Time | | | |
| Holiday | | | |
| Paid Time Off | | | |
| **Gross Pay** | | | **$5,844.27** |

22. Similarly, when Plaintiff worked less than 40 hours in a week, she was only paid for the number of hours she worked. She was not paid a guaranteed weekly amount regardless of

the number of hours worked. For instance, during the pay period beginning November 22, 2020 and ending December 5, 2020, Plaintiff worked less than 40 hours and was paid only for the hours she worked. Her pay records indicate that she was paid for 60 hours of work during that two week period with an additional eight hours of pay for "Holiday" pay.

23. Therefore, Plaintiff was paid on a pure hourly rate basis. Unfortunately, when Plaintiff worked more than 40 hours in a week, she was not paid at the rate of time and one half her regular rate of pay for all hours over 40.

24. Plaintiff regularly worked more than 40 hours in a week.

25. Additionally, the Class Members also regularly worked more than 40 hours in a workweek for Defendant.

26. Like Plaintiff, the Class Members also were paid on an hourly rate basis but were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

27. Further, Plaintiff and the Class Members received various bonuses from Defendant. These bonuses were not discretionary. Non-discretionary bonuses and incentive payments must be included in the regular rate of pay. 29 C.F.R. § 778.207. Non-discretionary bonuses include those that are designed to encourage employees to work more steadily, rapidly, or efficiently. *Id*. Here, the bonuses issued by Defendant were designed to encourage workers to perform work more steadily, rapidly, efficiently, and perform quality work. 29 U.S.C. § 207(e)(3)(a) requires the inclusion of a bonus in the regular rate calculation unless:

> [B]oth the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly.

29 U.S.C. § 207(e)(3)(a).

28.     However, 29 C.F.R. § 788.211 provides that if there is a prior agreement or notice in advance about the ability to earn the bonus, then the bonus loses its discretionary character:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion **both as to the fact of payment** and as to the **amount until a time quite close to the end of the period for which the bonus is paid**. The sum, if any, to be paid as a bonus is determined by the employer **without prior promise or agreement**. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees**.

29 C.F.R. § 788.211 (emphasis added).

29.     Here, Defendant told Plaintiff and the Class Members in advance the requirements to meet the bonuses. Defendant's bonus program was intended to encourage the Plaintiff and Class Members to work harder and serve as a reward for performance. In such situations, the bonuses should be included in the regular rate of pay. *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift.").

30.     However, the bonuses paid to the Plaintiff and Class Members were illegally excluded from the regular rate calculation.

31.     The Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

32.     Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

33. No exemption in the FLSA shelters Defendant from paying overtime to the Plaintiff and Class Members.

34. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis as required under 29 U.S.C. § 213(a)(1).

35. Additionally, the primary duty of the Plaintiff and Class Members is not to supervise other employees or manage a customarily recognized department of Defendant's company.

36. The Plaintiff and Class Members have no authority to hire or fire other employees.

37. The primary duty of the Plaintiff and Class Members is to perform work related to Defendant's core business, not the management of the company's operations.

38. The primary duty of the Plaintiff and Class Members does not require independent judgment or discretion.

39. The primary duty of the Plaintiff and Class Members is not computer-systems analysts, computer programmers, software engineers, or other similar employees.

40. As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime pay.

41. Defendant knew or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law. In particular, Defendant is a large company that knew about the requirement to pay overtime pay. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

42. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

43. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

44. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

46. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

47. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

48. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

49. Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendant.

50. Class Members were also paid an hourly rate but were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

51. Class Members are also not exempt from receiving overtime pay under the FLSA.

52. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

53. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any Class Member.

54. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the Class Members.

55. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

56. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

57. Although the exact amount of damages may vary among the Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

58. As such, the class of similarly situated Plaintiffs for the Class is properly defined as follows:

> **All current and former employees of Defendant paid an hourly rate of pay for all hours worked without an additional premium at the rate of time and one half their regular rate of pay for those hours worked over 40 in a workweek at any time during the three-year period before the filing of this Complaint.**

## **PRAYER**

59. For these reasons, Plaintiff and Class members respectfully request that judgment be entered in their favor awarding the following relief:

   a. An order designating the Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
Texas State Bar No. 24050022
Federal Id: 711552
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@hftrialfirm.com

Attorney for Plaintiff and Class Members